**MORTGAGE RECOVERY LAW GROUP LLP**
PAUL A. LEVIN (State Bar No. 229077)
DANA J. CLAUSEN (State Bar No. 223212)
700 North Brand Boulevard, Suite 830
Glendale, California 91203
TELEPHONE: (818) 630-7900 ♦ FACSIMILE: (818) 630-7920
E-mail: paul.levin@mortgagerecoveries.com
      dana.clausen@mortgagerecoveries.com

**Attorneys for Plaintiff**
**Federal Deposit Insurance Corporation**
**as Receiver for AmTrust Bank**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK<br><br>Plaintiff,<br><br>vs.<br><br>RPM MORTGAGE, INC., a California corporation d/b/a RESIDENTIAL PACIFIC MORTGAGE, f/k/a NL, INC.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

COMPLAINT

Plaintiff Federal Deposit Insurance Corporation as Receiver for AmTrust Bank ("FDIC-R"), for claims for relief against defendant RPM Mortgage, Inc., a California corporation doing business as Residential Pacific Mortgage, formerly known as NL, Inc. ("NL" or "Defendant"), alleges as follows:

## INTRODUCTION

1. This action is brought against NL for its breach of a Master Correspondent Loan Purchase Agreement pursuant to which NL sold or transferred mortgage loans to AmTrust Bank formerly known as Ohio Savings Bank ("AmTrust").

2. NL breached its representations and warranties in the Master Correspondent Loan Purchase Agreement by providing AmTrust incomplete, inaccurate, false or misleading information regarding four mortgage loans sold or transferred to AmTrust. The FDIC-R files this action to recover the losses caused by NL's breaches.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A) because suits brought by the FDIC-R are deemed to arise under the laws of the United States.

4. The basis for venue in the Northern District of California under 28 U.S.C. § 1391 is that Defendant resides in this district and is a resident of the state of California.

## THE PARTIES

5. The Federal Deposit Insurance Corporation ("FDIC") is a corporation and instrumentality of the United States of America, established under the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811-1835(a), and is authorized to be appointed as receiver for insured depository institutions that have failed. AmTrust was a federally chartered savings bank with its principal place of business in

Cleveland, Ohio. AmTrust was in the business of, among other things, buying or funding mortgage loans. On December 4, 2009, the Office of Thrift Supervision closed AmTrust and appointed the FDIC as Receiver pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5). The FDIC as Receiver is empowered to sue and complain in any court of law pursuant to 12 U.S.C. § 1819, and pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC-R, by operation of law, succeeded to all of AmTrust's claims. In this action, the FDIC-R seeks to recover damages resulting from the conduct of the Defendant. The FDIC-R owns the subject claims and has standing to prosecute this action as AmTrust's receiver.

6.   On information and belief, at all relevant times hereto RPM Mortgage, Inc., is a California corporation formerly known as NL, Inc. Upon information and belief, NL, Inc. did business as Residential Pacific Mortgage, and RPM Mortgage, Inc., continues to do business as Residential Pacific Mortgage. Upon information and belief, the principal place of business of both RPM Mortgage, Inc., and NL, Inc., is 3240 Stone Valley Road West, Alamo, California. At all times relevant hereto, NL, Inc., and RPM Mortgage, Inc., were and are authorized to do business in California, and were and are doing business in California. NL, Inc. was (and RPM Mortgage, Inc., is) engaged in the business of, among other things, processing, packaging, selling, brokering, originating, transferring and/or servicing loans secured by real property. Upon information and belief, RPM Mortgage, Inc., is liable as the successor to NL, Inc., for any of NL, Inc.'s acts or omissions alleged herein.

## THE AGREEMENT

7.   In 2006, AmTrust and NL entered into a written contract entitled Master Correspondent Loan Purchase Agreement (hereinafter, the "Agreement"). The Agreement sets forth terms and conditions pursuant to which NL would sell and/or submit and AmTrust would purchase and/or fund mortgage loans.

8. NL made the following representations and warranties to AmTrust with respect to each loan submitted under the Agreement:

> ### VI. REPRESENTATIONS AND WARRANTIES
>
> **6.1 Representations and Warranties; Mortgage Loan.** [NL] represents and warrants to [AmTrust], as to each Mortgage Loan to be purchased by [AmTrust] pursuant hereto (as of the Closing Date and the Purchase Date thereof unless otherwise stated), as follows:
>
> (a) The information contained in the Underwriting Package is complete, true, and correct.[1]
>
> . . .
>
> (c) [NL] has not impaired, altered or modified any Mortgage Loan Document in any respect. [2]
>
> . . .
>
> (h) The Mortgage Loan and the Mortgage Loan Documents comply with all FNMA and FHLMC underwriting standards and documentation

---

[1] The Agreement provides the following definition of "Underwriting Package": "'Underwriting Package' shall mean, with respect to a Mortgage Loan to be purchased under a particular Mortgage Loan Program, the items specified therefore in [AmTrust's] underwriting standards for such Mortgage Loan Program, including without limitation, fully completed and signed loan applications, credit reports, deposit and employment verifications, evidence of income, appraisal, location survey, Federal Truth-in-Lending Act ("TIL") and Real Estate Settlement Procedures Act ("RESPA") disclosure documents (acknowledged by Mortgagor), [NL's] approval sheet, and all Loan Documents then available, if any."

[2] The Agreement provides the following definition of "Mortgage Loan Documents": "the documents creating, evidencing or securing a Mortgage Loan, including without limitation a Mortgage Note, Mortgage, security agreements, appraisals, credit reports, loan applications, loan settlement statements, title insurance policy (or other title evidence acceptable to [AmTrust]), hazard, flood and liability insurance, correspondence and other documents pertaining thereto."

> requirements, except as otherwise provided by [AmTrust's] specific Loan Programs.
>
> (p) [NL] has no knowledge of any circumstance or condition with respect to the Mortgage, the Mortgaged Property, the Mortgagor or the Mortgagor's credit standing that might be reasonably expected to cause FNMA, FHLMC or other institutional mortgage loan purchasers to regard the Mortgage Loan as an unacceptable investment, cause the Mortgage Loan to become delinquent or adversely affect the value or marketability of the Mortgage Loan or the Mortgaged Property.
>
> 6.2 Representations and Warranties; Correspondent. [NP] represents and warrants to [AmTrust], as of the date of this Agreement, and on each Closing Date and Purchase Date, as follows:
>
> …
>
> (k) Neither this Agreement nor any statement, report or other document furnished or to be furnished pursuant to this Agreement or in connection with the transactions contemplated hereby contains any material untrue statement of fact or omits to state a material fact necessary to make the statements contained herein or therein not misleading.

9. Regarding NP's repurchase and indemnification obligations, the Agreement provides:

> **7.1 Repurchase.**
>
> (a) Upon ... discovery by [AmTrust] of a breach of any of the representations and warranties contained in Article VI ... then, within sixty (60) days after the earlier of its discovery or its receipt of notice of any such event or occurrence, [NP] shall repurchase said Mortgage Loan at a price equal to the higher of the purchase price or 100% of par, with adjustments for accrued interest, prepayments and any comparable items at the time of repurchase, plus attorney's fees, legal expenses, court costs or other expenses that may have been incurred by [AmTrust] in connection with the Mortgage Loan.
>
> ...
>
> 8.6 [NL] shall indemnify and hold harmless [AmTrust], its Directors, officers, agents and employees, from and against any and all losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments and other costs and expenses resulting from any claim, demand, defense or assertion based on or grounded upon, or resulting from, (a) a breach of any representation or warranty of [NL] contained in this Agreement or (b) any act or omission of [NL] or any of its partners, directors, members, shareholders, officers, agents or employees in originating or servicing any Mortgage Loan, including, without limitation, incomplete or erroneous loan documentation, fraud by [NL] in the origination of the Mortgage Loan, improper escrow disbursements or misapplied payments or claims not covered by insurance, or violation of applicable law or regulation, (c) [NL]'s use of Gemstone; (d) any act or omission of [NL] or any of its partners, directors, members, shareholders, officers, agents, independent contractors or employees in the use of Gemstone or any of the information contained on Gemstone; (e) any unauthorized use of the Gemstone system by Correspondent or any of its partners, directors, members, shareholders, officers, agents, independent contractors or employees; or (f) any use of Gemstone by any person or entity

using any log-in ID or password assigned to [NL], regardless of whether or not such person or entity has been authorized by [NL] to use such log-in ID or passwords or has exceeded any authority granted by [NL].

10. Pursuant to the provisions contained in the Agreement, NL sold or transferred the loans that are the subject of this action to AmTrust.

11. The Agreement and the Seller's Guide were amended from time to time; however, the substantive requirements regarding NL's representations and warranties, as well as NL's repurchase and indemnity obligations, remained consistent.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT FOR COATES LOAN

12. Plaintiff realleges paragraphs 1 through 11, as if fully set forth herein.

13. Pursuant to the Agreement, in or about August 2007, AmTrust purchased and/or funded a $330,000 loan to borrower Jaclynn Coates, which was secured by property located in Modesto, California (the "Coates Loan").

14. AmTrust purchased and/or funded the Coates Loan, pursuant to the terms of the Agreement, for valuable consideration and in reliance upon the representations and warranties made by NL in the Agreement.

15. In breach of the representations and warranties that NL made to AmTrust in the Agreement, the information contained in the Coates Loan Underwriting Package was incomplete, untrue, and incorrect. Among other things, the borrower's income and intent to occupy the property securing the Coates Loan were misrepresented. In addition, upon information and belief, the legitimacy of the Coates Loan transaction was misrepresented, in that Coates was recruited to serve as a straw purchaser for the transaction.

16. The Coates Loan defaulted.

1  17.  Starting on or about November 19, 2015, Plaintiff demanded that NL perform its obligations under the Agreement with regard to the Coates Loan, including but not limited to its indemnification obligation. NL failed and refused to indemnify Plaintiff for losses relating to the Coates Loan or otherwise perform under the Agreement.

18.  NL failed to perform its obligations under the Agreement with respect to the Coates Loan.

19.  AmTrust and the FDIC-R performed all of their obligations to NL under the Agreement with respect to the Coates Loan, except any obligations AmTrust and the FDIC-R have been prevented or excused from performing by the acts and breaches of NL.

20.  As a result of NL's breach of the Agreement, including, but not limited to, its failure to perform its obligations under the Agreement, damages were suffered in an amount to proven at trial. Thus, the FDIC-R is entitled to damages, plus interest, and attorneys' fees and costs under the Agreement.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT FOR HAYS LOAN

21.  Plaintiff realleges paragraphs 1 through 11, as if fully set forth herein.

22.  Pursuant to the Agreement, in or about October 2007, AmTrust purchased and/or funded a $360,050 loan to borrower Clinton Hays, which was secured by property located in Modesto, California (the "Hays Loan").

23.  AmTrust purchased and/or funded the Hays Loan, pursuant to the terms of the Agreement, for valuable consideration and in reliance upon the representations and warranties made by NL in the Agreement.

24.  In breach of the representations and warranties that NL made to AmTrust in the Agreement, the information contained in the Hays Loan

1  Underwriting Package was incomplete, untrue, and incorrect. Among other things,
2  the borrower's assets were misrepresented.

3      25.    The Hays Loan defaulted.

4      26.    Starting on or about May 13, 2015, Plaintiff demanded that NL perform
5  its obligations under the Agreement with regard to the Harvey Loan, including but
6  not limited to its indemnification obligation. NL failed and refused to indemnify
7  Plaintiff for losses relating to the Hays Loan or otherwise perform under the
8  Agreement.

9      27.    NL failed to perform its obligations under the Agreement with respect
10 to the Hays Loan.

11     28.    AmTrust and the FDIC-R performed all of their obligations to NL
12 under the Agreement with respect to the Hays Loan, except any obligations
13 AmTrust and the FDIC-R have been prevented or excused from performing by the
14 acts and breaches of NL.

15     29.    As a result of NL's breach of the Agreement, including, but not limited
16 to, its failure to perform its obligations under the Agreement, damages were suffered
17 in an amount to proven at trial. Thus, the FDIC-R is entitled to damages, plus
18 interest, and attorneys' fees and costs under the Agreement.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONTRACT FOR TORRES LOAN

21     30.    Plaintiff realleges paragraphs 1 through 11, as if fully set forth herein.

22     31.    Pursuant to the Agreement, in or about September 2007, AmTrust
23 purchased and/or funded a $498,500 loan to borrower Pablo Torres, which was
24 secured by property located in Stockton, California (the "Torres Loan").

25     32.    AmTrust purchased and/or funded the Torres Loan, pursuant to the
26 terms of the Agreement, for valuable consideration and in reliance upon the
27 representations and warranties made by NL in the Agreement.

28

33. In breach of the representations and warranties that NL made to AmTrust in the Agreement, the information contained in the Torres Loan Underwriting Package was incomplete, untrue, and incorrect. Among other things, the borrower's assets were misrepresented.

34. The Torres Loan defaulted.

35. Starting on or about November 12, 2015, Plaintiff demanded that NL perform its obligations under the Agreement with regard to the Torres Loan, including but not limited to its indemnification obligation. NL failed and refused to indemnify Plaintiff for losses relating to the Torres Loan or otherwise perform under the Agreement.

36. NL failed to perform its obligation under the Agreement with respect to the Torres Loan.

37. AmTrust and the FDIC-R performed all of their obligations to NL under the Agreement with respect to the Torres Loan, except any obligations AmTrust and the FDIC-R have been prevented or excused from performing by the acts and breaches of NL.

38. As a result of NL's breach of the Agreement, including, but not limited to, its failure to perform its obligations under the Agreement, damages were suffered in an amount to proven at trial. Thus, the FDIC-R is entitled to damages, plus interest, and attorneys' fees and costs under the Agreement.

## FOURTH CLAIM FOR RELIEF
## BREACH OF CONTRACT FOR WILLIAMS LOAN

39. Plaintiff realleges paragraphs 1 through 11, as if fully set forth herein.

40. Pursuant to the Agreement, in or about October 2007, AmTrust purchased and/or funded a $299,000 loan to borrower David Williams, which was secured by property located in Modesto, California (the "Williams Loan").

[444349/1]

9
COMPLAINT

41. AmTrust purchased and/or funded the Williams Loan, pursuant to the terms of the Agreement, for valuable consideration and in reliance upon the representations and warranties made by NL in the Agreement.

42. In breach of the representations and warranties that NL made to AmTrust in the Agreement, the information contained in the Williams Loan Underwriting Package was incomplete, untrue, and incorrect. Among other things, the borrower's assets were misrepresented.

43. The Williams Loan defaulted.

44. Starting on or about October 27, 2015, Plaintiff demanded that NL perform its obligations under the Agreement with regard to the Williams Loan, including but not limited to its indemnification obligation. NL failed and refused to indemnify Plaintiff for losses relating to the Williams Loan or otherwise perform under the Agreement.

45. NL failed to perform its obligations under the Agreement with respect to the Williams Loan.

46. AmTrust and the FDIC-R performed all of their obligations to NL under the Agreement with respect to the Williams Loan, except any obligations AmTrust and the FDIC-R have been prevented or excused from performing by the acts and breaches of NL.

47. As a result of NL's breach of the Agreement, including, but not limited to, its failure to perform its obligations under the Agreement, damages were suffered in an amount to proven at trial. Thus, the FDIC-R is entitled to damages, plus interest, and attorneys' fees and costs under the Agreement.

## DEMAND FOR RELIEF

**WHEREFORE**, the FDIC-R prays for judgment as follows:

1. For compensatory damages, according to proof at trial, plus interest, costs and attorneys' fees;

| | | |
|---|---|---|
| 1 | 2. | For prejudgment interest at the legal rate; |
| 2 | 3. | For costs of suit and reasonable attorneys' fees incurred herein; |

and,

4. For such other and further relief as the Court deems just and proper.

DATED: December 3, 2015

MORTGAGE RECOVERY LAW GROUP LLP

By: _____
Paul A. Levin
Dana J. Clausen
Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Recevier for AMTRUST BANK

[444349/1]

11
COMPLAINT