DAVID E. HARRIS (Bar No. 161334)
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Walnut Creek, California 94596
Telephone:      925 935 9400
Facsimile:      925 933 4126
Email:          david.harris@msrlegal.com

Attorneys for Defendant RPM MORTGAGE,
INC., a California corporation d/b/a
RESIDENTIAL PACIFIC MORTGAGE, INC.,
erroneously sued as f/k/a NL, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK,<br><br>                     Plaintiff,<br><br>v.<br><br>RPM MORTGAGE, INC., a California corporation d/b/a RESIDENTIAL PACIFIC MORTGAGE, f/k/a NL, INC.,<br><br>                     Defendants. | Case No. 3:15-cv-05534-MEJ<br><br>ANSWER TO COMPLAINT<br><br>**DEMAND FOR JURY TRIAL**<br><br>JUDGE MARIA-ELENA JAMES |

   Defendant RPM MORTGAGE, INC., a California corporation d/b/a

RESIDENTIAL PACIFIC MORTGAGE, erroneously sued as f/k/a NL, INC. (hereinafter "RPM"

or "Defendant") appears herein and answers the Complaint for Breach of Contract ("Complaint")

of plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST

BANK ("FDIC" or "Plaintiff"), by admitting, denying, and alleging as follows:

## INTRODUCTION

   1.  Answering the allegations contained in paragraph 1, RPM lacks information

and believe as to the allegations of the paragraph, and on that basis denies each and every such

allegation.  RPM specifically denies that it entered into or breached a Master Correspondent Loan

Purchase Agreement with AmTrust Bank formerly known as Ohio Savings Bank, or that it sold or transferred loans to AmTrust Bank formerly known as Ohio Savings Bank.

2.      Answering the allegations contained in paragraph 2, RPM lacks information and belief as to FDIC's motivation in filing suit, and on that basis denies the allegation that it filed suit to recover losses.  RPM denies each and every other allegation of the paragraph, and specifically denies that it entered into or breached a Master Correspondent Loan Purchase Agreement with AmTrust Bank formerly known as Ohio Savings Bank ("AmTrust"), and denies that it sold or transferred loans to AmTrust, and denies that it breached or made any warranties and representations to AmTrust, and denies that it provided AmTrust with inaccurate, false or misleading information, and denies that Plaintiff has suffered losses or damages of any kind or in any amount whatsoever as the result of any action or inaction by RPM.  RPM is informed and believes and thereon alleges that NL, Inc., formerly known as Najarian Loans, Inc., was a corporation separate and distinct from RPM, that NL sold or transferred certain loans to AmTrust. RPM is informed and believes and thereon alleges that the loans sold or transferred by NL to AmTrust were fully documented loans which were independently reviewed and approved by AmTrust, and that NL provided complete, accurate, and truthful information concerning such loans.

## JURISDICTION AND VENUE

3.      Answering the allegations contained in paragraph 3, RPM admits that this Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 12 U.S.C. §1819(b)(2)(A).

4.      Answering the allegations contained in paragraph 4, RPM admits that venue in the Northern District of California is proper and that RPM is a resident of the State of California.

## THE PARTIES

5.      Answering the allegations contained in paragraph 5, RPM lacks information and belief as to each and every allegation of the paragraph and on that basis denies them.  RPM specifically denies that FDIC has suffered any damages as the result of any conduct of RPM.

1           6.     Answering the allegations contained in paragraph 6, RPM admits that it is a

2   California corporation.  RPM denies that it was formerly known as NL, Inc.  RPM alleges that NL,

3   Inc. was a California corporation separate and distinct from RPM.  RPM is informed and believes

4   and thereon alleges that NL, Inc. is now dissolved.  RPM admits that its principal place of

5   business is 3240 Stone Valley Rd W, Alamo, CA.  RPM is informed and believes and thereon

6   alleges that NL does not have a principal place of business located at 3240 Stone Valley Rd W,

7   Alamo, CA.  RPM admits that it is authorized to do business in California and is doing business in

8   California.  RPM is informed and believes and thereon alleges that NL, Inc. is not authorized to do

9   business in California and is not doing business in California.  RPM admits that it is in the

10  business of originating, servicing, brokering, and selling residential mortgage loans secured by

11  real property.  RPM is informed and believes that NL, Inc. is not in the business of processing,

12  packaging, selling, brokering, originating, transferring and/or servicing loans secured by real

13  property.  RPM denies that it is the successor to NL, Inc. for any of NL, Inc.'s alleged acts or

14  omissions alleged in the Complaint.

15          7.     Answering the allegations contained in paragraph 7 of the Complaint, RPM

16  denies that it entered into a written contract entitled Master Correspondent Loan Purchase

17  Agreement with AmTrust and denies that such agreement contained terms and conditions by

18  which RPM would sell and/or submit or AmTrust would purchase and/or fund mortgage loans.

19  RPM is informed and believes and thereon alleges that NL, Inc. may have entered into such an

20  agreement with AmTrust.

21          8.     Answering the allegations contained in paragraph 8 of the Complaint, RPM

22  denies each and every allegation of the paragraph.

23          9.     Answering the allegations contained in paragraph 9 of the Complaint, RPM

24  denies each and every allegation of the paragraph.

25          10.    Answering the allegations contained in paragraph 10 of the Complaint,

26  RPM denies each and every allegation of the paragraph.

27          11.    Answering the allegations contained in paragraph 11 of the Complaint,

28  RPM denies each and every allegation of the paragraph.

ANSWER TO COMPLAINT

**FIRST CLAIM FOR RELIEF**

12.     Answering the allegations contained in paragraph 12, Defendant realleges and incorporates by reference the admissions, denials, and affirmative allegations of paragraphs 1 through 11, inclusive, above.

13.     Answering the allegations contained in paragraph 13, RPM is informed and believes that the allegations of the paragraph are true and on that basis admits them.

14.     Answering the allegations contained in paragraph 14, RPM denies that AmTrust purchased the Coates loan in reliance upon any warranties or representations of RPM and denies that RPM was a party to the alleged agreement or that it breached any terms or conditions thereof.  As to the remaining allegations of the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

15.     Answering the allegations contained in paragraph 15, RPM denies that it made any warranties or representations to AmTrust and denies that RPM was a party to the alleged agreement.  As to the remaining allegations of the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

16.     Answering the allegations contained in paragraph 16, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

17.     Answering the allegations contained in paragraph 17, RPM admits that Plaintiff demanded that NL repurchase the Coates loan and/or indemnify Plaintiff for alleged losses.  RPM specifically denies that it had any such repurchase or indemnity obligations to Plaintiff, or any obligation to perform under the Agreement, and denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

18.     Answering the allegations contained in paragraph 18 of the Complaint, RPM denies each and every allegation of the paragraph.

19.     Answering the allegations contained in paragraph 19 of the Complaint, RPM denies each and every allegation of the paragraph.

20.     Answering the allegations contained in paragraph 20 of the Complaint, RPM denies each and every allegation of the paragraph, and specifically denies that Plaintiff

1  suffered any losses in any amount or kind whatsoever as the result of any action or inaction of

2  RPM.

3  **SECOND CLAIM FOR RELIEF**

4          21.     Answering the allegations contained in paragraph 21, Defendant realleges

5  and incorporates by reference the admissions, denials, and affirmative allegations of paragraphs 1

6  through 20, inclusive, above.

7          22.     Answering the allegations contained in paragraph 22, RPM is informed and

8  believes that the allegations of the paragraph are true and on that basis admits them.

9          23.     Answering the allegations contained in paragraph 23, RPM denies that

10  AmTrust purchased the Hays loan in reliance upon any warranties or representations of RPM and

11  denies that RPM was a party to the alleged agreement.  As to the remaining allegations of the

12  paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on

13  that basis denies them.

14          24.     Answering the allegations contained in paragraph 24, RPM denies that it

15  made any warranties or representations to AmTrust and denies that RPM was a party to the alleged

16  agreement or that it breached any terms or conditions thereof.  As to the remaining allegations of

17  the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and

18  on that basis denies them.

19          25.     Answering the allegations contained in paragraph 25, RPM lacks sufficient

20  information or belief to admit or deny such allegations, and on that basis denies them.

21          26.     Answering the allegations contained in paragraph 26, RPM denies Plaintiff

22  demanded that NL repurchase the Harvey loan and/or indemnify Plaintiff for alleged losses.  RPM

23  specifically denies that it had any such repurchase or indemnity obligations to Plaintiff, or any

24  obligation to perform under the Agreement, and denies that Plaintiff suffered any losses in any

25  amount or kind whatsoever as the result of any action or inaction of RPM.

26          27.     Answering the allegations contained in paragraph 27 of the Complaint,

27  RPM denies each and every allegation of the paragraph.

28

28.     Answering the allegations contained in paragraph 28 of the Complaint, RPM denies each and every allegation of the paragraph.

29.     Answering the allegations contained in paragraph 29 of the Complaint, RPM denies each and every allegation of the paragraph, and specifically denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

## THIRD CLAIM FOR RELIEF

30.     Answering the allegations contained in paragraph 30, Defendant realleges and incorporates by reference the admissions, denials, and affirmative allegations of paragraphs 1 through 29, inclusive, above.

31.     Answering the allegations contained in paragraph 31, RPM is informed and believes that the allegations of the paragraph are true and on that basis admits them.

32.     Answering the allegations contained in paragraph 32, RPM denies that AmTrust purchased the Torres loan in reliance upon any warranties or representations of RPM and denies that RPM was a party to the alleged agreement.  As to the remaining allegations of the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

33.     Answering the allegations contained in paragraph 33, RPM denies that it made any warranties or representations to AmTrust and denies that RPM was a party to the alleged agreement or that it breached any terms or conditions thereof.  As to the remaining allegations of the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

34.     Answering the allegations contained in paragraph 34, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

35.     Answering the allegations contained in paragraph 35, RPM admits that Plaintiff demanded that NL repurchase the Torres loan and/or indemnify Plaintiff for alleged losses.  RPM specifically denies that it had any such repurchase or indemnity obligations to

Plaintiff, or any obligation to perform under the Agreement, and denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

36.     Answering the allegations contained in paragraph 36 of the Complaint, RPM denies each and every allegation of the paragraph.

37.     Answering the allegations contained in paragraph 37 of the Complaint, RPM denies each and every allegation of the paragraph.

38.     Answering the allegations contained in paragraph 38 of the Complaint, RPM denies each and every allegation of the paragraph, and specifically denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

## FOURTH CLAIM FOR RELIEF

39.     Answering the allegations contained in paragraph 39, Defendant realleges and incorporates by reference the admissions, denials, and affirmative allegations of paragraphs 1 through 20, inclusive, above.

40.     Answering the allegations contained in paragraph 40, RPM is informed and believes that the allegations of the paragraph are true and on that basis admits them.

41.     Answering the allegations contained in paragraph 41, RPM denies that AmTrust purchased the Williams loan in reliance upon any warranties or representations of RPM and denies that RPM was a party to the alleged agreement.  As to the remaining allegations of the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

42.     Answering the allegations contained in paragraph 42, RPM denies that it made any warranties or representations to AmTrust and denies that RPM was a party to the alleged agreement or that it breached any terms or conditions thereof.  As to the remaining allegations of the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

43.     Answering the allegations contained in paragraph 43, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

44.     Answering the allegations contained in paragraph 44, RPM admits that Plaintiff demanded that NL repurchase the Williams loan and/or indemnify Plaintiff for alleged losses.  RPM specifically denies that it had any such repurchase or indemnity obligations to Plaintiff, or any obligation to perform under the Agreement, and denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

45.     Answering the allegations contained in paragraph 45 of the Complaint, RPM denies each and every allegation of the paragraph.

46.     Answering the allegations contained in paragraph 46 of the Complaint, RPM denies each and every allegation of the paragraph.

1.     Answering the allegations contained in paragraph 47 of the Complaint, RPM denies each and every allegation of the paragraph, and specifically denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

<u>AFFIRMATIVE DEFENSES</u>

1.     The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute any cause of action against this answering defendant.

2.     Plaintiff did not suffer from, and is without standing to complain of, the matters alleged.

3.     The plaintiff or its predecessor-in-interest was itself comparatively at fault and proximately caused its own damages; accordingly, any damages otherwise recoverable by plaintiff should be reduced in proportion to its own negligence and carelessness or the negligence and carelessness of its predecessor-in-interest.

4.     The damages complained of, if any, were proximately contributed to or caused by the carelessness, negligence, fault or defects resulting from acts/omissions of other parties in this action, or by other persons unknown to defendant at this time, and were not caused in any way by this defendant, or by persons for whom this defendants is legally liable or responsible.

5.      Plaintiff's alleged damages, if any, were aggravated by its failure to use reasonable diligence to mitigate them.

6.      By reason of its own acts or omissions or those of its predecessor-in-interest, plaintiff waived its right to maintain this action.

7.      By reason of its own acts or omissions, party plaintiff is estopped from maintaining this action by reason of its conduct, upon which defendant relied to its detriment.

8.      Plaintiff or its predecessor-in-interest is guilty of "unclean hands" in the matters set forth in the Complaint, which conduct extinguishes plaintiff's right to legal or equitable relief in this action.

9.      Plaintiff  assumed the risk with respect to all matters complained of in the Complaint and by reason of said assumption of risk its claims against defendant are barred.

10.     This action cannot be maintained, because it is based on matters deriving from the sole, willful and intentional conduct of plaintiff or its agents.

11.     If this Court should find that the defendant has any liability whatsoever to the plaintiff, then any judgment against defendant should be reduced in proportion to the extent that the cause for said liability is based on conduct of plaintiff or its predecessor-in-interest.

12.     If any loss, injury, or damage was suffered, which is denied, it was the result of the active and primary negligence and fault of other persons.  Defendant had no responsibility for such acts and omissions, entitling third-party defendants to total or partial equitable or implied comparative indemnity and contribution from such other persons.

13.     Recovery on the pleading is barred by the failure of party plaintiff to give defendant reasonable notice of the alleged wrongful conduct.  Plaintiff delayed unnecessarily in providing notice.

14.     Plaintiff's delay in seeking relief constitutes laches, by reason of which defendant was prejudiced in its defense of this action, thus barring relief.

15.     The Complaint and each claim for relief therein is barred by the applicable statute of limitations, both under State and Federal law.

16.     Defendant is not the successor-in-interest of NL, Inc., and is not liable for the acts and omissions of NL, Inc., as its successor or otherwise.

Based on the preceding denials and allegations, a judgment is sought by this answering defendant as follows:

1.     That plaintiff take nothing by way of the pleading;

2.     For costs of suit in this action;

3.     For reasonable attorneys' fees, and;

4.     For such other relief as the court deems appropriate.

This answering defendant hereby demands a jury trial pursuant to Fed. R. Civ. P. 38(b).

Dated:  December 31, 2015                    MILLER STARR REGALIA

By:        /s/
_____
DAVID E. HARRIS
Attorneys for Defendants RPM MORTGAGE, INC., a California corporation d/b/a RESIDENTIAL PACIFIC MORTGAGE, INC., f/k/a NL, INC.