DAVID E. HARRIS (Bar No. 161334)
MILLER STARR REGALIA
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Walnut Creek, California 94596
Telephone:    925 935 9400
Facsimile:     925 933 4126
Email:          david.harris@msrlegal.com

Attorneys for Defendant RPM MORTGAGE, INC., a California corporation d/b/a RESIDENTIAL PACIFIC MORTGAGE, INC., erroneously sued as f/k/a NL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK,<br><br>           Plaintiff,<br><br>v.<br><br>RPM MORTGAGE, INC., a California corporation d/b/a RESIDENTIAL PACIFIC MORTGAGE, f/k/a NL, INC.,<br><br>           Defendants. | Case No. 3:15-cv-05534-EMC<br><br>AMENDED ANSWER TO COMPLAINT<br><br>**DEMAND FOR JURY TRIAL**<br><br>JUDGE EDWARD M. CHEN |

Defendant RPM MORTGAGE, INC., a California corporation d/b/a RESIDENTIAL PACIFIC MORTGAGE, erroneously sued as f/k/a NL, INC. (hereinafter "RPM" or "Defendant") appears herein and answers the Complaint for Breach of Contract ("Complaint") of plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK ("FDIC" or "Plaintiff"), by admitting, denying, and alleging as follows:

## INTRODUCTION

1. Answering the allegations contained in paragraph 1, RPM lacks information and believe as to the allegations of the paragraph, and on that basis denies each and every such allegation. RPM specifically denies that it entered into or breached a Master Correspondent Loan

Purchase Agreement with AmTrust Bank formerly known as Ohio Savings Bank, or that it sold or transferred loans to AmTrust Bank formerly known as Ohio Savings Bank.

2. Answering the allegations contained in paragraph 2, RPM lacks information and belief as to FDIC's motivation in filing suit, and on that basis denies the allegation that it filed suit to recover losses. RPM denies each and every other allegation of the paragraph, and specifically denies that it entered into or breached a Master Correspondent Loan Purchase Agreement with AmTrust Bank formerly known as Ohio Savings Bank ("AmTrust"), and denies that it sold or transferred loans to AmTrust, and denies that it breached or made any warranties and representations to AmTrust, and denies that it provided AmTrust with inaccurate, false or misleading information, and denies that Plaintiff has suffered losses or damages of any kind or in any amount whatsoever as the result of any action or inaction by RPM. RPM is informed and believes and thereon alleges that NL, Inc., formerly known as Najarian Loans, Inc., was a corporation separate and distinct from RPM, that NL sold or transferred certain loans to AmTrust. RPM is informed and believes and thereon alleges that the loans sold or transferred by NL to AmTrust were fully documented loans which were independently reviewed and approved by AmTrust, and that NL provided complete, accurate, and truthful information concerning such loans.

## **JURISDICTION AND VENUE**

3. Answering the allegations contained in paragraph 3, RPM admits that this Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 12 U.S.C. §1819(b)(2)(A).

4. Answering the allegations contained in paragraph 4, RPM admits that venue in the Northern District of California is proper and that RPM is a resident of the State of California.

## **THE PARTIES**

5. Answering the allegations contained in paragraph 5, RPM lacks information and belief as to each and every allegation of the paragraph and on that basis denies them. RPM specifically denies that FDIC has suffered any damages as the result of any conduct of RPM.

6. Answering the allegations contained in paragraph 6, RPM admits that it is a California corporation. RPM denies that it was formerly known as NL, Inc. RPM alleges that NL, Inc. was a California corporation separate and distinct from RPM. RPM is informed and believes and thereon alleges that NL, Inc. is now dissolved. RPM admits that its principal place of business is 3240 Stone Valley Rd W, Alamo, CA. RPM is informed and believes and thereon alleges that NL does not have a principal place of business located at 3240 Stone Valley Rd W, Alamo, CA. RPM admits that it is authorized to do business in California and is doing business in California. RPM is informed and believes and thereon alleges that NL, Inc. is not authorized to do business in California and is not doing business in California. RPM admits that it is in the business of originating, servicing, brokering, and selling residential mortgage loans secured by real property. RPM is informed and believes that NL, Inc. is not in the business of processing, packaging, selling, brokering, originating, transferring and/or servicing loans secured by real property. RPM denies that it is the successor to NL, Inc. for any of NL, Inc.'s alleged acts or omissions alleged in the Complaint.

7. Answering the allegations contained in paragraph 7 of the Complaint, RPM denies that it entered into a written contract entitled Master Correspondent Loan Purchase Agreement with AmTrust and denies that such agreement contained terms and conditions by which RPM would sell and/or submit or AmTrust would purchase and/or fund mortgage loans. RPM is informed and believes and thereon alleges that NL, Inc. may have entered into such an agreement with AmTrust.

8. Answering the allegations contained in paragraph 8 of the Complaint, RPM denies each and every allegation of the paragraph.

9. Answering the allegations contained in paragraph 9 of the Complaint, RPM denies each and every allegation of the paragraph.

10. Answering the allegations contained in paragraph 10 of the Complaint, RPM denies each and every allegation of the paragraph.

11. Answering the allegations contained in paragraph 11 of the Complaint, RPM denies each and every allegation of the paragraph.

## FIRST CLAIM FOR RELIEF

12. Answering the allegations contained in paragraph 12, Defendant realleges and incorporates by reference the admissions, denials, and affirmative allegations of paragraphs 1 through 11, inclusive, above.

13. Answering the allegations contained in paragraph 13, RPM is informed and believes that the allegations of the paragraph are true and on that basis admits them.

14. Answering the allegations contained in paragraph 14, RPM denies that AmTrust purchased the Coates loan in reliance upon any warranties or representations of RPM and denies that RPM was a party to the alleged agreement or that it breached any terms or conditions thereof. As to the remaining allegations of the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

15. Answering the allegations contained in paragraph 15, RPM denies that it made any warranties or representations to AmTrust and denies that RPM was a party to the alleged agreement. As to the remaining allegations of the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

16. Answering the allegations contained in paragraph 16, RPM lacks sufficient information or belief to admit or deny such allegations, and on that basis denies them.

17. Answering the allegations contained in paragraph 17, RPM admits that Plaintiff demanded that NL repurchase the Coates loan and/or indemnify Plaintiff for alleged losses. RPM specifically denies that it had any such repurchase or indemnity obligations to Plaintiff, or any obligation to perform under the Agreement, and denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

18. Answering the allegations contained in paragraph 18 of the Complaint, RPM denies each and every allegation of the paragraph.

19. Answering the allegations contained in paragraph 19 of the Complaint, RPM denies each and every allegation of the paragraph.

20. Answering the allegations contained in paragraph 20 of the Complaint, RPM denies each and every allegation of the paragraph, and specifically denies that Plaintiff

1  suffered any losses in any amount or kind whatsoever as the result of any action or inaction of
2  RPM.

### SECOND CLAIM FOR RELIEF

4  21. Answering the allegations contained in paragraph 21, Defendant realleges
5  and incorporates by reference the admissions, denials, and affirmative allegations of paragraphs 1
6  through 20, inclusive, above.

7  22. Answering the allegations contained in paragraph 22, RPM is informed and
8  believes that the allegations of the paragraph are true and on that basis admits them.

9  23. Answering the allegations contained in paragraph 23, RPM denies that
10 AmTrust purchased the Hays loan in reliance upon any warranties or representations of RPM and
11 denies that RPM was a party to the alleged agreement. As to the remaining allegations of the
12 paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on
13 that basis denies them.

14 24. Answering the allegations contained in paragraph 24, RPM denies that it
15 made any warranties or representations to AmTrust and denies that RPM was a party to the alleged
16 agreement or that it breached any terms or conditions thereof. As to the remaining allegations of
17 the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and
18 on that basis denies them.

19 25. Answering the allegations contained in paragraph 25, RPM lacks sufficient
20 information or belief to admit or deny such allegations, and on that basis denies them.

21 26. Answering the allegations contained in paragraph 26, RPM denies Plaintiff
22 demanded that NL repurchase the Harvey loan and/or indemnify Plaintiff for alleged losses. RPM
23 specifically denies that it had any such repurchase or indemnity obligations to Plaintiff, or any
24 obligation to perform under the Agreement, and denies that Plaintiff suffered any losses in any
25 amount or kind whatsoever as the result of any action or inaction of RPM.

26 27. Answering the allegations contained in paragraph 27 of the Complaint,
27 RPM denies each and every allegation of the paragraph.

28

RSPM\53134\993655.1                           -5-                    Case No. 3:15-cv-05534-MEJ
AMENDED ANSWER TO COMPLAINT

1  28. Answering the allegations contained in paragraph 28 of the Complaint,
2  RPM denies each and every allegation of the paragraph.

3  29. Answering the allegations contained in paragraph 29 of the Complaint,
4  RPM denies each and every allegation of the paragraph, and specifically denies that Plaintiff
5  suffered any losses in any amount or kind whatsoever as the result of any action or inaction of
6  RPM.

**THIRD CLAIM FOR RELIEF**

8  30. Answering the allegations contained in paragraph 30, Defendant realleges
9  and incorporates by reference the admissions, denials, and affirmative allegations of paragraphs 1
10 through 29, inclusive, above.

11  31. Answering the allegations contained in paragraph 31, RPM is informed and
12 believes that the allegations of the paragraph are true and on that basis admits them.

13  32. Answering the allegations contained in paragraph 32, RPM denies that
14 AmTrust purchased the Torres loan in reliance upon any warranties or representations of RPM and
15 denies that RPM was a party to the alleged agreement.  As to the remaining allegations of the
16 paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on
17 that basis denies them.

18  33. Answering the allegations contained in paragraph 33, RPM denies that it
19 made any warranties or representations to AmTrust and denies that RPM was a party to the alleged
20 agreement or that it breached any terms or conditions thereof.  As to the remaining allegations of
21 the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and
22 on that basis denies them.

23  34. Answering the allegations contained in paragraph 34, RPM lacks sufficient
24 information or belief to admit or deny such allegations, and on that basis denies them.

25  35. Answering the allegations contained in paragraph 35, RPM admits that
26 Plaintiff demanded that NL repurchase the Torres loan and/or indemnify Plaintiff for alleged
27 losses.  RPM specifically denies that it had any such repurchase or indemnity obligations to
28

1  Plaintiff, or any obligation to perform under the Agreement, and denies that Plaintiff suffered any
2  losses in any amount or kind whatsoever as the result of any action or inaction of RPM.
3        36.    Answering the allegations contained in paragraph 36 of the Complaint,
4  RPM denies each and every allegation of the paragraph.
5        37.    Answering the allegations contained in paragraph 37 of the Complaint,
6  RPM denies each and every allegation of the paragraph.
7        38.    Answering the allegations contained in paragraph 38 of the Complaint,
8  RPM denies each and every allegation of the paragraph, and specifically denies that Plaintiff
9  suffered any losses in any amount or kind whatsoever as the result of any action or inaction of
10 RPM.

## **FOURTH CLAIM FOR RELIEF**

12       39.    Answering the allegations contained in paragraph 39, Defendant realleges
13 and incorporates by reference the admissions, denials, and affirmative allegations of paragraphs 1
14 through 20, inclusive, above.
15       40.    Answering the allegations contained in paragraph 40, RPM is informed and
16 believes that the allegations of the paragraph are true and on that basis admits them.
17       41.    Answering the allegations contained in paragraph 41, RPM denies that
18 AmTrust purchased the Williams loan in reliance upon any warranties or representations of RPM
19 and denies that RPM was a party to the alleged agreement.  As to the remaining allegations of the
20 paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and on
21 that basis denies them.
22       42.    Answering the allegations contained in paragraph 42, RPM denies that it
23 made any warranties or representations to AmTrust and denies that RPM was a party to the alleged
24 agreement or that it breached any terms or conditions thereof.  As to the remaining allegations of
25 the paragraph, RPM lacks sufficient information or belief to admit or deny such allegations, and
26 on that basis denies them.
27       43.    Answering the allegations contained in paragraph 43, RPM lacks sufficient
28 information or belief to admit or deny such allegations, and on that basis denies them.

1        44.     Answering the allegations contained in paragraph 44, RPM admits that Plaintiff demanded that NL repurchase the Williams loan and/or indemnify Plaintiff for alleged losses.  RPM specifically denies that it had any such repurchase or indemnity obligations to Plaintiff, or any obligation to perform under the Agreement, and denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

        45.     Answering the allegations contained in paragraph 45 of the Complaint, RPM denies each and every allegation of the paragraph.

        46.     Answering the allegations contained in paragraph 46 of the Complaint, RPM denies each and every allegation of the paragraph.

        47.     Answering the allegations contained in paragraph 47 of the Complaint, RPM denies each and every allegation of the paragraph, and specifically denies that Plaintiff suffered any losses in any amount or kind whatsoever as the result of any action or inaction of RPM.

## AFFIRMATIVE DEFENSES

        1.      The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute any cause of action against this answering defendant.

        2.      Plaintiff did not suffer from, and is without standing to complain of, the matters alleged.

        3.      The damages complained of, if any, were proximately contributed to or caused by the carelessness, negligence, fault or defects resulting from acts/omissions of other parties in this action, or by other persons unknown to defendant at this time, and were not caused in any way by this defendant, or by persons for whom this defendants is legally liable or responsible.

        4.      Plaintiff's alleged damages, if any, were aggravated by its failure to use reasonable diligence to mitigate them.

        5.      By reason of its own acts or omissions or those of its predecessor-in-interest, plaintiff waived its right to maintain this action.

6. By reason of its own acts or omissions, party plaintiff is estopped from maintaining this action by reason of its conduct, upon which defendant relied to its detriment.

7. Plaintiff or its predecessor-in-interest is guilty of "unclean hands" in the matters set forth in the Complaint, which conduct extinguishes plaintiff's right to legal or equitable relief in this action.

8. This action cannot be maintained, because it is based on matters deriving from the sole, willful and intentional conduct of plaintiff or its agents.

9. If any loss, injury, or damage was suffered, which is denied, it was the result of the active and primary negligence and fault of other persons.  Defendant had no responsibility for such acts and omissions, entitling third-party defendants to total or partial equitable or implied comparative indemnity and contribution from such other persons.

10. Recovery on the pleading is barred by the failure of party plaintiff to give defendant reasonable notice of the alleged wrongful conduct.  Plaintiff delayed unnecessarily in providing notice.

11. Plaintiff's delay in seeking relief constitutes laches, by reason of which defendant was prejudiced in its defense of this action, thus barring relief.

12. The Complaint and each claim for relief therein is barred by the applicable statute of limitations, both under State and Federal law.

13. Defendant is not the successor-in-interest of NL, Inc., and is not liable for the acts and omissions of NL, Inc., as its successor or otherwise.

Based on the preceding denials and allegations, a judgment is sought by this answering defendant as follows:

1. That plaintiff take nothing by way of the pleading;
2. For costs of suit in this action;
3. For reasonable attorneys' fees, and;
4. For such other relief as the court deems appropriate.

1  This answering defendant hereby demands a jury trial pursuant to Fed. R. Civ. P.
2  38(b).

3  Dated:  March 1, 2015               MILLER STARR REGALIA

                                       By:     /s/ David E. Harris
                                           DAVID E. HARRIS
                                           Attorneys for Defendants RPM MORTGAGE,
                                           INC., a California corporation d/b/a
                                           RESIDENTIAL PACIFIC MORTGAGE, INC.,
                                           f/k/a NL, INC.